ORIGINAL

cc: PLAINTIFF

Received By Mail
Date FEB 18 2021 Jr

Mailed On
Date FEB 18 2021 Jr

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 18 2021

at 11 o'clock and 30 min A M
MICHELLE RYNNE, CLERK Jr
UNPAID, IFP SUBMITTED

IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF Hawaii
_____ DIVISION

*(Write the District and Division, if any, of the court in which the complaint is filed.)*

---

Rochelle Tamayo Tongson
_____
_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

API Security, Inc.
_____
_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV21 00103 LEK RT

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Rochelle Tongson |
| Street Address | PO Box 23072 |
| City and County | Honolulu |
| State and Zip Code | Hawaii 96823 |
| Telephone Number | 808-425-2358 |
| E-mail Address | rtongson@hawaii.edu |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Mansour Arekat |
| Job or Title (if known) | President |
| Street Address | 1314 S. King Street Ste. 504 |
| City and County | Honolulu |
| State and Zip Code | Hawaii 96814 |
| Telephone Number | 808-593-1125 |
| E-mail Address (if known) | security@apisecurityinc.net |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |

State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____
(if known)

Defendant No. 3

    Name  _____
    Job or Title  _____
    (if known)
    Street Address  _____
    City and County  _____
    State and Zip Code  _____
    Telephone Number  _____
    E-mail Address  _____
    (if known)

Defendant No. 4

    Name  _____
    Job or Title  _____
    (if known)
    Street Address  _____
    City and County  _____
    State and Zip Code  _____
    Telephone Number  _____
    E-mail Address  _____
    (if known)

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

    Name  API Security, Inc.
    Street Address  1314 S. King Street Ste. 504
    City and County  Honolulu
    State and Zip Code  Hawaii 96814
    Telephone Number  808-593-1125

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [x] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Other federal law *(specify the federal law)*:

  _____

- [ ] Relevant state law *(specify, if known)*:

  _____

- [ ] Relevant city or county law *(specify, if known)*:

  _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
9/12/18, 10/13/18, 10/25/18, 11/2/18, 11/6-11/7, 12/27/18

C. I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☒ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*
  _____

E. The facts of my case are as follows. Attach additional pages if needed.

5

_Attached EEOC File no: 486-2019-00073_

_____
_____
_____
_____
_____
_____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)* 12/10/18

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.
☑ issued a Notice of Right to Sue letter, which I received on *(date)* 11/30/2020.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

6

**V.     Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Payday loans, medical bills delinquency, loss wages, emotional harm reduce quality of life, stress due to active case, nearly 3 years, intentional emotional distress & psychological injuries required treatment for an indefinite period - in an amount to be discussed.

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Feb 17, 2021

Signature of Plaintiff
Printed Name of Plaintiff     Rochelle Tomgson

**B. For Attorneys**

Date of signing: __________, 20__.

Signature of Attorney ______________________________

Printed Name of Attorney ______________________________

Bar Number ______________________________

Name of Law Firm ______________________________

Address ______________________________

Telephone Number ______________________________

E-mail Address ______________________________

## II. Statement of Claim

Facts:

On June 25: Plaintiff responded to Craigslist Ad and submitted application/ Resume in person as directed. Interviewed for an advertised Assistant Operations Manager position with Defendant, Mr. Mansour Arekat (President of API Security)

On July 9: The President hired Plaintiff for several positions Administrative Assistant, Human Resources, and Accounting employee leading up to the Asst Operations Manager position after successfully passing the 90-day probationary period. Defendant stated, *"I will give you an office space if you're deserving, and you prove yourself!"*

On August 9: Defendant declines qualifying medical insurance for Plaintiff after request. Plaintiff was eligible for medical coverage as a Full-time employee working 40 hours x week.

On August 13: Defendant hired a male employee, Antonio McClinton, as the Assistant Operations Manager. Mr. Clinton stated, *"I am your new manager. You need to train me everything you know about the company".* Plaintiff was tasked to train with Mr. McClinton performing daily operations. The new employee was not familiar with essential computer functions or sending emails to clients.

On September 12: Plaintiff requested Time-off for a Child Support hearing. Defendant was interested in the meeting and amounts received.

On October 9: Plaintiff requested to meet with Defendant for a job evaluation 90-day probationary mark. Defendant ignores the request.

October 25-29: Plaintiff attempts to request a meeting with Defendant. President denied the request again.

On October 16, Ms. Sawsan Al-Khatib, Sister-in-law of Defendant, assigns Plaintiff a task to write a letter to the Dept of Homeland Security re her Greencard/ Visa status in an assertive dishonest act that API employed on a false date of entry to the U.S.

On October 31, Plaintiff requests an unpaid Time-off request on November 6 to assist Plaintiff's child at the school. Ms. Al-Khatib approved the proposal on the same day.

On November 2: Unexpectedly, without warning, the President calls the Plaintiff to his office. *"This will be a quick meeting,"* Defendant says. Plaintiff suggests that (1) a third-party witness during the meeting with another employee besides the Defendant's family. The President rejects it. (2) Plaintiff asked for consent to record the session; the President denies it. Defendant intercoms an employee/ family member and speaks in the Arabic language. He does not speak English the majority of the time.

Defendant began our meeting awkwardly and asked, *"Do you want the good news or bad news first?"* Plaintiff replied, *"good news."* Defendant explains that Plaintiff has successfully passed the 90-day probation, and Plaintiff is offered a Full-time Receptionist position 40 hours x week. The bad news is that McClinton will become a permanent Assistant Operations Manager. Plaintiff has expressed sadness, feeling demoralization, humiliation, and hopelessness in front of Defendant.

Plaintiff asked Defendant why? The President responded, *"This is my company. I can do whatever I want".* Plaintiff asked the Defendant again. Why? Defendant replies, *"I don't believe a woman can handle the job better than a man."* Proceeds that, *"Women are just followers. They should be working at the office."* Defendant also declines Plaintiff's request for a pay increase due to Plaintiff receiving child support from a non-custodial parent (Disparate treatment). Both parties agreed to an increase of pay upon hire. Plaintiff has objected to Defendant of sexist remarks as discriminatory. Plaintiff left the room in despair and cried in the restroom during a meal break. The meeting lasted approx. 15 minutes.

Plaintiff requests to stepdown to Part-time status to seek separate full-time employment to afford living expenses.

Despite the denial for a qualifying position and job demotion, Plaintiff, performs daily tasks wearing several hats for API Security, including a personal assistant to Defendant's family.

Plaintiff has witnessed women crying at their desk throughout employment, and at least three females were terminated or forced to resign like me.

On November 6: Defendant and Mr. McClinton continue to retaliate. Plaintiff is unaware that Defendant maliciously adds a comment to Request off form: "Referring to your attached letter, this event ends at 11:45. **Accordingly, you are expected to report to work within an hour",** Mr. McClinton demands. On the form, Mr. McClinton pencils a separate check box "Partially approved".

On November 7: Mr. McClinton attempts to issue Plaintiff a write-up for previously approved Time-off requests from Ms. Al-khatib. Employer signed counseling for Plaintiff.

**November Week 1:** The President invited an IT personnel/friend at the office to disable Plaintiff's computer access as an intent to issue disciplinary actions.

On November 9: (Last day of employment) Plaintiff plans daily agenda early morning. Meanwhile, Defendant is furious and yelling across the room in Arabic. The Defendant was abruptly yelling unsystematic things between uniform policy and computer accessibility concerns. Defendant did not provide a company handbook, no Federal and State laws posted at the office, gave no specific job descriptions to employees. Plaintiff did not receive formal training/ orientation, and the Defendant have no Human Resources department to resolve employee/manager conflicts. Plaintiff had no recourse.

On November 26: Plaintiff received a final paycheck of $20.58 gross of $306. It is manually printed, with no paystub included indicating deductions. Plaintiff received an email from Defendant; *"please note that you have been paid the full amount for the days you worked for API. Kindly do not contact this office again. Sawsan"* – 4:09 PM

**Witnesses:**
1. Kristi Milam
Position: Accounting Specialist
Employed: Unknown
Phone #: 808-343-7049

2. Zachary Eppinga
Position: Security Guard
Employed: Unknown
Phone #: 808-294-0841

3. Carrie Cavalho
Position: Security Guard (Present)
Phone #: 808-341-6488

4. Susan Im
Position: Admin
Employed: April 2018 – July 2018
Phone #: 808-548-8995

5. Manelyn Abadilla
Position: Admin
Employed: Dec 2015 – Mar 2016
Phone #: 808-223-7714

6. Diana Uribe
Position: Accounting Specialist
Employed: Aug 7-8 2018
Phone #: 808-927-8441

7. George Hammond
Position: Assistant Operations Manager
Employed: Feb 2018
Phone #: 808-628-8927

8. John Blumberg
Position: Security Guard Supervisor
Employed: June 2018
Phone #: 754-234-0433