SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Attorney for Plaintiff
ROCHELLE TAMAYO TONGSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCHELLE TAMAYO TONGSON, | Civil No. CV 21-00103 LEK RT |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| AREKAT PACIFIC SECURITY INC. (DBA "API SECURITY"); MANSOUR S. AREKAT; JOHN DOES 1-10; JANE DOES 1-10; AND DOE CORPORATE ENTITIES 1-10, | |
| Defendants. | |

FIRST AMENDED COMPLAINT

Comes now Plaintiff, ROCHELLE TAMAYO TONGSON, by and through her attorney, SHOWA LAW OFFICE, LLLC, and hereby files this First Amended Complaint, and alleges and avers the following causes of action against Defendants AREKAT PACIFIC SECURITY INC. (DBA "API SECURITY"); MANSOUR S. AREKAT; JOHN DOES 1-10; JANE DOES 1-

1

10; AND DOE CORPORATE ENTITIES 1-10 (hereinafter collectively "Defendants").

## THE PARTIES

1. Plaintiff ROCHELLE TAMAYO TONGSON ("Plaintiff") is and was at all times relevant a resident of the State Hawaii and was employed by Defendant AREKAT PACIFIC SECURITY INC. (DBA "API SECURITY").

2. Defendant AREKAT PACIFIC SECURITY INC. (DBA "API SECURITY") ("Employer" or the "Company") is and was at all times relevant, a corporation incorporated in the State of Hawaii, which was registered to do business in the State of Hawaii during the relevant time.

3. MANSOUR S. AREKAT was a resident of the State of Hawaii during the relevant time and President of the Company, as well as, Plaintiff's direct supervisor with the authority to hire and terminate Plaintiff.

4. JOHN DOES 1-10; JANE DOES 1-10; AND DOE CORPORATE ENTITIES 1-10, (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors,

members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

**JURISDICTIONAL STATEMENT**

5.  This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1331 as certain claims in the present lawsuit arise out of the Title VII of the Civil Rights Act of 1964, 17 U.S.C. section 2000, et. seq. and the Equal Pay Act of 1963, 29 U.S.C.A. § 206(b).  This Honorable Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1331.

6.     The U.S. District Court of Hawai'i is the appropriate venue for this action inasmuch as the causes of action alleged herein accrued in the State of Hawai'i.

## FACTUAL ALLEGATIONS

7.     On or about June 25, 2018, Plaintiff responded to an advertisement seeking applicants for an Assistant Operations Manager position with the Company.

8.     On or about July 7, 2018, Plaintiff interviewed with Defendant Arekat for employment with the Company.

9.     On or about July 8, 2018, Employer provided Plaintiff a job offer with the Company as: (a) administrative assistant; (b) employee in the human resources department; and (c) employee in the accounting department.

10.    A condition of the job offer included, but was not limited to, a promise that Plaintiff would be promoted to Assistant Operations Manager once she successfully completed the ninety (90) day probationary period.

11.    On or about July 9, 2018, Plaintiff accepted the job offer in reliance of Employer's promise that she would be promoted to Assistant Operations Manager once she successfully completed the ninety (90) day probationary period.

12. In reliance on Employer's promise to promote her to Assistant Operations Manager once she successfully completed the ninety (90) day probationary period, Plaintiff accepted the job offer and did not pursue other job openings she was qualified for with other employers.

13. On or about August 9, 2018, Plaintiff complained to Employer about the fact that Employer refused to provide her health insurance coverage despite the fact that she qualified for health insurance coverage under the Hawaii Pre-paid Healthcare Act, as she had worked in excess of twenty hours a week for four consecutive weeks.

14. Employer refused to provide health insurance coverage to Plaintiff despite Plaintiff's complaint.

15. On or about August 13, 2018, Employer hired a male employee by the name of Antonio McClinton as Assistant Operations Manager.

16. Plaintiff's understanding was that Mr. McClinton was her manager and supervisor notwithstanding the fact that Plaintiff was required to train him and he was not able to perform many basic work-related tasks and functions in Plaintiff's observation opinion.

17. On or about October 9, 2018, Plaintiff requested a meeting with Defendant Arekat to discuss her promotion as ninety days had passed since she began working for the Company but her request was denied.

18. Between October 25 and 29, 2018, Plaintiff requested a meeting with Defendant Arekat to discuss her promotion as ninety days had passed since she began working for the Company but her request was denied again.

19. On or about November 2, 2018, Defendant Arekat called Plaintiff into his office, without notice, stating: "This will be a quick meeting."

20. During the November 2, 2018 meeting, Defendant Arekat informed Plaintiff that she had successfully completed the ninety-day probation period but that she would be demoted to a receptionist position in lieu of being promoted to Assistant Operations Manager.

21. When Plaintiff asked Defendant Arekat to explain his decision, he replied by saying something to the effect of: "This is my company. I can do whatever I want. This is a security company and I have 200 security guards. I don't believe a woman can handle the job better than a man. I only want male managers. Women are just followers."

22. Plaintiff requested a promotion and pay increase but Defendant Arekat denied both requests.

23. Plaintiff verbally objected to Defendant Arekat's discriminatory language and decision.

24. Shortly after the November 2, 2018 incident, Employer imposed unreasonable, atypical, and/or unjustified constraints on Plaintiff's previously approved time-off.

25. Shortly after the November 2, 2018 incident, Employer disabled Plaintiff's access to her work computer, constraining her ability to perform her job duties.

26. On or about November 7, 2018 Employer did, attempted to, and/or threatened to "write-up" Plaintiff for wholly unjustified pretextual reasons.

27. On or about November 9, 2018 Employer did, attempted to, or threatened to "write-up" Plaintiff for wholly unjustified pretextual reasons.

28. On or about November 9, 2018, Plaintiff was forced to resign because of the hostile and discriminatory work environment, which became reasonably intolerable, resulting in a constructive termination.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF 42 U.S. CODE § 2000E–2 & HRS SECTION 378-2

29. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

30. Employer discriminated against Plaintiff in her terms and conditions of employment by passing her over for a promotion in favor of

a less qualified male employee because of Plaintiff's gender and refusing to provide her with health insurance coverage because of her gender.

31. Defendant Arekat unlawful employment discrimination against Plaintiff, in violation of Hawaii Revised Statute, Section 378-2(3).

32. As a result of the unlawful discrimination Plaintiff was subjected to by Employer, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT II

## UNLAWFUL DISCRIMINATION IN VIOLATION OF

## 29 U.S.C.A. § 206(b).

33. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

34. Employer discriminated against Plaintiff by paying her less monetary compensation than a similarly situated and/or less qualified male employee because of her gender.

35. As a result of the unlawful discrimination Plaintiff was subjected to by Employer, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT III

## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF 42 U.S. CODE § 2000E–2 & HRS SECTION 378-2 & 29 U.S.C. § 621 et. seq.

36. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

37. On or about November 2, 2008, Plaintiff engaged in protected activity by opposing unlawful discrimination.

38. Employer retaliated against Plaintiff by changing/affecting the terms and conditions of her employment and by creating a work environment which was so intolerable as to force Plaintiff into submitting her resignation.

39. As a result of the above-described unlawful retaliation Plaintiff was subjected to by Employer, Plaintiff incurred damages in amounts to be proven at trial.

## COUNT IV
### (FRAUDULENT INDUCMENT)

40. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

41. Employer and Defendant Arekat intentionally misrepresented to Plaintiff that she would be promoted to Assistant Operations Manager once she successfully completed the ninety day promotional period, which Employer and Defendant Arekat had no intention of doing at the time he made said representation.

42. Employer and Defendant Arekat made said intentional misrepresentation to Plaintiff for the purposes of inducing her to accept the job offer made to Plaintiff.

43. Plaintiff reasonably relied to her detriment on Employer and Defendant Arekat's false representation and accepted the job offer rather than pursuing other actual or prospective job opportunities.

44. As a result of the above-described fraudulent inducement, Plaintiff incurred damages in amounts to be proven at trial.

## PUNITIVE DAMAGES

45. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

46. By engaging in the above-described actions, Defendants acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

47. As a result of Defendants' aforementioned conduct, Plaintiff is entitled to punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A. For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B. For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C. Plaintiff be awarded further special, general, and/or consequential damages.

D. Punitive damages as may be proven at trial.

E. Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED: Honolulu, Hawaii, June 14, 2021.

*/s/ Andrew Daisuke Stewart*
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
ROCHELLE TAMAYO TONGSON